IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **WILL-BURN RECORDING &** ) | |
| **PUBLISHING CO.,** *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **CIVIL ACTION 08-0387-WS-C** |
| ) | |
| **UNIVERSAL MUSIC GROUP** ) | |
| **RECORDS,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

**ORDER**

This matter comes before the Court on plaintiffs' Motion to Extend Time to Serve (doc. 28), filed pursuant to Rule 4(m), Fed.R.Civ.P.

Plaintiffs Will-Burn Recording & Publishing Co., Willie Ash and Morris Barnes initiated this action by filing a Complaint (doc. 1) in this District Court on July 11, 2008. The Complaint purports to state claims for copyright infringement against 17 named defendants. Plaintiffs report that, at present, they have successfully served 10 defendants with process, have "dropped" one defendant (although this is not reflected on the docket sheet in the form of an appropriate motion to dismiss pursuant to Rule 41, Fed.R.Civ.P.), and are still attempting to perfect service of process on the remaining six defendants (Dwayne Carter, Johnta Austin, Jasper Cameron, Phalon Anton Alexander, Maurice "Big Reese" Sinclair, and Young Money Publishings). In an attempt to establish their diligence in serving process on these six unserved defendants, plaintiffs state that they have attempted to procure waiver of service on each of them pursuant to Rule 4(d), Fed.R.Civ.P., and have also attempted personal service on each of them via process server, all to no avail. According to plaintiffs, they are now "looking for more information, contacting another process servers [*sic*] and working with opposing counsel" (doc. 28, at 2) to attempt to locate the remaining defendants.

Plaintiffs' dilemma is that they are now bumping against the 120-day time limit for

service prescribed by Rule 4(m), Fed.R.Civ.P.; indeed, that deadline will expire on November 8, 2008. Plaintiffs now seek to enlarge that deadline.

The law is clear that "[a] plaintiff is responsible for serving the defendant with a summons and the complaint within the time allowed under Rule 4(m)." *Lepone-Dempsey v. Carroll County Commissioners*, 476 F.3d 1277, 1280-81 (11th Cir. 2007). Rule 4(m), Fed.R.Civ.P., provides in pertinent part as follows:

> "If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – ***must dismiss the action without prejudice against that defendant or order that service be made within a specified time***. But ***if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period***."

*Id.* (emphasis added). On its face, then, Rule 4(m) provides for dismissal if service is not achieved within 120 days, absent either (a) good cause for a plaintiff's dilatory service or (b) a decision by the Court to exercise its discretion in favor of extending the time for service without a showing of good cause. *See, e.g., McCurdy v. American Bd. of Plastic Surgery*, 157 F.3d 191, 196 (3d Cir. 1998) (observing that dismissal under Rule 4(m) may be avoided if plaintiff shows good cause or court chooses to exercise discretion in favor of extending time); *Lau v. Klinger*, 46 F. Supp.2d 1377, 1380 (S.D. Ga. 1999) (after expiration of 120-day period, Rule 4(m) provides safety net to avoid dismissal only by a showing of good cause or by convincing the court to use its discretion to extend time even in absence of good cause). Where good cause is shown, a court must extend time for service; however, in the absence of good cause, a court may, in its discretion, allow an extension or dismiss the case without prejudice. *See Scott v. Hern*, 216 F.3d 897, 912 (10th Cir. 2000); *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

Plaintiffs bears the burden of showing good cause. *See Wilson v. Prudential Financial*, 332 F. Supp.2d 83, 87 (D.D.C. 2004) ("where the plaintiff fails to effect proper service within the 120-day time limit laid down by Rule 4(m), the plaintiff carries the burden of showing good cause for that failure"). In this case, plaintiffs represent that they have made substantial, repeated efforts during the 120-day period to locate the missing six defendants, and that the addresses they had procured for them appear to be invalid. Given this showing that defendants have undertaken substantial efforts to locate and perfect service of process on the other six defendants, the Court finds that there is good cause under Rule 4(m), and that the service

deadline should therefore be extended.  *See, e.g., In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996) ("The plaintiff who seeks to rely on the good cause provision must show meticulous efforts to comply with the rule."); *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991) (good cause exists only "when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.").

  Furthermore, even if the requisite good cause did not exist, the Court would grant plaintiffs' request.  As the Eleventh Circuit has held, "Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause."  *Horenkamp v. Van Winkle and Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005).  In determining whether to exercise its discretion in favor of such an extension, this Court may consider such factors as whether, for example, the applicable statute of limitations would bar the refiled action, or whether the defendant is evading service or has otherwise concealed a defect in service.  *See id.*; *Feingold v. Hankin*, 269 F. Supp.2d 268, 277 (S.D.N.Y. 2003) (discretion to extend Rule 4(m) deadline turns on such factors as whether statute of limitations would bar re-filing, whether defendant attempted to conceal defect in service, whether defendant would be prejudiced by the extension, and whether defendant had actual notice of lawsuit); *Colasante v. Wells Fargo Corp.*, 211 F.R.D. 555, 561 (S.D. Iowa 2002) (similar).  The record reflects that plaintiffs have undertaken significant efforts to perfect service on the missing defendants, whose precise whereabouts appear to be unknown to plaintiffs.  It further appears that no substantial prejudice will accrue to defendants if the Rule 4(m) deadline is extended.

  For all of the foregoing reasons, plaintiffs' Motion to Extend Time to Serve (doc. 28) is **granted**.  The Rule 4(m) deadline for service of process on defendants Carter, Austin, Cameron, Alexander, Sinclair and Young Money Publishings is hereby **extended** to **December 31, 2008**.

  DONE and ORDERED this 4th day of November, 2008.

            s/ WILLIAM H. STEELE  
            UNITED STATES DISTRICT JUDGE