IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILL-BURN RECORDING & PUBLISHING CO., *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION 08-0387-WS-C ) |
| UNIVERSAL MUSIC GROUP RECORDS, *et al.*, | ) ) ) |
| Defendants. | ) |

**ORDER**

This action comes before the Court on plaintiffs' filing styled "Motion for Default" (doc. 44), wherein they state that they are moving "for entry of default judgment" against defendants Sho'Nuff Recordings, Johnta Austin, Jasper Cameron and Young Money Publishings.[1]

Plaintiffs Will-Burn Recording & Publishing Co., Willie Ash and Morris Barnes initiated this action by filing a Complaint (doc. 1) for copyright infringement against 17 named defendants in this District Court on July 11, 2008. Plaintiffs now seek entry of default and/or default judgment against four of those defendants, to-wit: Sho 'Nuff Recordings, LLC, Johnta Austin, Jasper Cameron, and Young Money Publishings. Exhibits appended to plaintiffs' Motion for Default reflect that each of these defendants has been served with process, yet has failed to answer or appear in this action within the time period prescribed by the Federal Rules of Civil Procedure. In particular, those exhibits demonstrate as follows: (a) defendant Sho 'Nuff Recordings, LLC was served with process via certified mail on July 23, 2008; (b) defendant Johnta Austin was served with process via substitute service by private process server on

---

[1] Plaintiffs' Motion, like several others they have filed recently, lacks the Certificate of Service required by Rule 5(d)(1), Fed.R.Civ.P., and Section II.B.2. of the Administrative Procedure for Filing, Signing, and Verifying Documents by Electronic Means in the United States District Court for the Southern District of Alabama. Plaintiffs are cautioned that failure to include appropriate certificates on future filings may result in such filings being stricken *sua sponte*, without further notice.

December 9, 2008; (c) defendant Jasper Cameron was served with process via personal service by private process server on December 15, 2008; and (d) defendant Young Money Publishings was served by private process server on December 27, 2008.  (Doc. 44.)  Pursuant to Rule 12, Fed.R.Civ.P., and as stated on the face of the Summonses, each defendant's answer or other responsive pleading was due within 20 days after service, and that deadline has already expired.  To date, however, these four defendants have failed to respond or otherwise appear in this action, despite having been served and summoned to do so.  These circumstances, as recited on the face of plaintiffs' Motion for Default, satisfy the criteria for a Clerk's Entry of Default pursuant to Rule 55(a), Fed.R.Civ.P.

That said, there are two significant technical infirmities in plaintiffs' filing.  First, plaintiffs use the terms "default" and "default judgment" interchangeably in their Motion, improperly conflating the distinct procedures of a clerk's entry of default and a court's entry of default judgment.  The law is clear that these are separate steps that should not be combined into one.  *See, e.g., Ramada Franchise Systems, Inc. v. Baroda Enterprises, LLC*, 220 F.R.D. 303, 304 (N.D. Ohio 2004) ("An entry of default and a default judgment are distinct events that require separate treatment.").  "First, the party seeking a default judgment must file [an application] for entry of default with the clerk of a district court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint, and, second, once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party."  *UMG Recordings, Inc. v. Stewart*, 461 F. Supp.2d 837, 840 (S.D. Ill. 2006); *see also Twist and Shout Music v. Longneck Xpress, N.P.*, 441 F. Supp.2d 782 (E.D. Tex. 2006) ("Securing a default judgment is a three-step procedure involving the defendants' default, entry of default, and a default judgment.").  The point is that a clerk's entry of default must precede an application to the district judge for entry of default judgment.  *See, e.g., Virgin Records America, Inc. v. Johnson*, 441 F. Supp.2d 963, 965 (N.D. Ind. 2006) ("Entry of default must precede an entry of default judgment."); *Fairman v. Hurley*, 373 F. Supp.2d 227, 231 (W.D.N.Y. 2005) ("Without first obtaining an entry of default, plaintiff cannot obtain a default judgment from this Court."); *Sun v. United States*, 342 F. Supp.2d 1120, 1124 n.2 (N.D. Ga. 2004) (finding motion for default judgment to be premature where plaintiff had failed to obtain entry of default, a prerequisite to a default judgment); *Canady v. Erbe Elektromedizin GmbH*,

307 F. Supp.2d 2, 8-9 (D.D.C. 2004) (pointing out "fatal flaw" in motion for default judgment where party had failed to ask clerk to enter default first, leaving party in no position to apply for entry of default judgment).  Plaintiffs have apparently attempted to merge these two distinct steps into one by requesting both forms of relief contemporaneously.

Second, to the extent that plaintiffs are asking the Court to enter default judgment against these four defendants today, even as this litigation rages on against approximately a dozen other defendants who are or may be similarly situated to the defaulting defendants, or whom plaintiffs are or may be seeking to hold jointly or severally liable with the defaulting defendants, their request raises the specter of inconsistent rulings.  Courts have long expressed reluctance to enter default judgment against a subset of defendants in a multiple-defendant action before the action is concluded, given the possibility that the defaulting defendants and non-defaulting defendants are similarly situated or, potentially, jointly liable.  *See generally Frow v. De La Vega*, 82 U.S. 552, 21 L.Ed. 60, 15 Wall. 552 (1872) (characterizing as an "incongruity" that is "unseemly and absurd, as well as unauthorized by law" a scenario in which district court entered decree against defaulting defendant for joint fraud, but entered separate decree against non-defaulting defendant declaring joint fraud claim to be entirely unfounded); *Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984) ("even when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits"); *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) ("where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants"); *Politano v. Ott*, 2008 WL 4104137, *1 (M.D. Fla. Aug. 6, 2008) ("in cases involving more than one defendant, a judgment of liability should not be entered against a defaulting party alleged to be jointly liable, until the matter has been adjudicated with regard to all defendants").  Given the ongoing, disputed nature of plaintiff's claims against the other defendants, and the likelihood that the defaulting defendants are or may be jointly liable or similarly situated to non-defaulting defendants, entry of default judgment against the defaulting defendants at this time would be premature and would risk inconsistent and incongruous results in this litigation.

In light of the foregoing considerations, it is **ordered** as follows:

1. Plaintiffs' Motion for Default (doc. 44) is **granted in part**, and **denied in part**. In particular, plaintiffs' request that the Clerk of Court enter a default against defendants Sho 'Nuff Recordings, LLC, Johnta Austin, Jasper Cameron and Young Money Publishings pursuant to Rule 55(a), Fed.R.Civ.P., is **granted**, and the Clerk is directed to do so. However, plaintiffs' request for entry of default judgment as to those defendants is **denied** as premature for the reasons stated.

2. To place these defendants squarely on notice of the default proceedings against them, the Clerk of Court is directed to send a copy of this Order (as well as the Clerk's Entry of Default) to each of the defaulting defendants at the address where service was perfected, as follows: (a) Young Money Publishings, 555 Washington Ave. #240, Miami Beach, FL 33139; (b) Jasper Cameron, 4228 Chellingham Lane, SE, #188, Smyrna, GA 30082; (c) Johnta Austin, 4116 Onslow Place, SE, Smyrna, GA 30080; and (d) Sho 'Nuff Recordings, LLC, 433 Bishop Street, Suite A, Atlanta, GA 30318. These defendants are cautioned that, absent an appearance by them or their representatives herein, they are entitled to no further notice of the default proceedings against them in this action.

DONE and ORDERED this 26th day of January, 2009.

s/WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE