IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILL-BURN RECORDING & PUBLISHING CO., *et al.*, | ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION 08-0387-WS-N |
| UNIVERSAL MUSIC GROUP RECORDS, *et al.*, | ) ) ) | |
| Defendants. | ) | |
| WILL-BURN RECORDING & PUBLISHING CO., *et al.*, | ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION 09-0287-WS-N |
| WARNER/CHAPPELL MUSIC, INC., | ) ) | |
| Defendant. | ) | |

**ORDER**

These related copyright infringement matters come before the Court on a Consent Motion to Consolidate filed as document #94 in Civil Action No. 08-0387-WS-N, and dual-filed as document #12 in Civil Action No. 09-0287-WS-N. The Consent Motion was filed by a non-exhaustive consortium of defendants in the two actions, all of whom are represented by the same counsel, and apparently spearheaded by Warner/Chappell Music, Inc., the only defendant that obviously stands to benefit from consolidation.[1] The Motion reflects that plaintiffs consent to

---

[1] By the Court's count, five defendants from Civil Action No. 08-0387-WS-N did not join in the Motion to Consolidate. Of those non-participants, two (Jasper Cameron and Sho 'Nuff Recordings, LLC) have been defaulted and therefore have no right to be heard; a third (The Inc. Records) is apparently just a d/b/a for defendant IG Records, Inc. (which has joined in the Motion); and the fourth and fifth (Young Goldie Music and Lloyd Harlin Polite, Jr.) are represented by different counsel. The movants do not mention or explain the omission of Young Goldie and Polite. Indeed, the movants do not indicate whether they attempted to contact Young Goldie and Polite's attorneys regarding the Motion, nor do they purport to state Young Goldie

the proposed consolidation of these actions.

On their face, these two copyright infringement actions are virtually identical, involving the same plaintiffs, the same Asserted and Accused Works, the same facts, the same witnesses, similar counsel, and very closely similar questions of fact and law.  In fact, Civil Action No. 09-0287-WS-N was only necessitated when plaintiffs untimely sought to amend their pleadings in Civil Action No. 08-0387-WS-N to name Warner/Chappell as a new defendant.  The Court initially granted them leave to do so, after which Warner/Chappell balked and insisted (as was its right) on strict enforcement of the Scheduling Order's deadline for joining parties.  When plaintiffs failed to establish the necessary diligence to support a finding of good cause under Rule 16(b)(4), the undersigned dismissed all of plaintiffs' claims against Warner/Chappell without prejudice via Order (doc. 86 in 08-0387) dated April 24, 2009.  Just over a month later, plaintiffs filed their Complaint in Civil Action 09-0287-WS-N to re-assert the same claims against Warner/Chappell that had been dismissed without prejudice in the earlier action thanks to plaintiffs' noncompliance with scheduling order deadlines.  Warner/Chappell now seeks to be restored to Civil Action No. 08-0387-WS-N, the lawsuit from whence it came.[2]

The consolidation question is governed by Rule 42(a), Fed.R.Civ.P., which affords a district court authority to order multiple actions consolidated "[w]hen actions involving a

---

and Polite's position.  However, this omission is not fatal to the Motion, inasmuch as (a) Young Goldie and Polite's failure to respond timely to discovery requests or to comply with court orders concerning discovery matters calls into question whether they intend to defend against this action at all, and (b) more to the point, no conceivable prejudice would befall them if the Motion to Consolidate were granted.

[2]  Ironically, after forcing plaintiffs to sue it separately by raising the Rule 16(b) issue in Civil Action 08-0387, Warner/Chappell now petitions this Court for relief that would place that defendant back in precisely the same status in precisely the same lawsuit that it would have been in had Warner/Chappell never moved to dismiss the claims against it in 08-0387 in the first place.  The only difference is that, in the interim, time has passed, and plaintiffs have been compelled to pay additional filing and service of process fees to hale Warner/Chappell back into this District Court in 09-0287.  As such, Warner/Chappell's procedural tactics have accomplished little other than to delay this matter by two months, to put plaintiffs to some incremental expense and inconvenience, and to oblige this Court to address a pair of motions (the original motion to dismiss and now the motion to consolidate) yielding a net change of zero to Warner/Chappell's litigation status.

common question of law or fact are pending before the court." *Id.* The Eleventh Circuit has explained that consolidation pursuant to Rule 42(a) "is permissive and vests a purely discretionary power in the district court." *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995) (quoting *In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1013 (5th Cir. 1977)). In exercising that discretion, district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated. *See Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985); *Jackson v. Ford Consumer Finance Co.*, 181 F.R.D. 537, 539 (N.D. Ga. 1998); *State of Ohio ex rel. Montgomery v. Louis Trauth Dairy, Inc.*, 163 F.R.D. 500, 503 (S.D. Ohio 1995) (in determining whether consolidation is appropriate, "the court balances the value of time and effort saved by consolidation against the inconvenience, delay, or expense increased by it"). "Actions that involve the same parties are apt candidates for consolidation ... [and] consolidation is particularly appropriate when the actions are likely to involve substantially the same witnesses and arise from the same series of events or facts." *Blasko v. Washington Metropolitan Area Transit Authority*, 243 F.R.D. 12, 15 (D.D.C. 2007); *see also Vasquez Rivera v. Congar Int'l Corp.*, 241 F.R.D. 94, 95 (D.P.R. 2007) (explaining that consolidation is intended to avoid overlapping trials containing duplicative proof, excess cost incurred by all parties and the government, and the waste of valuable court time in the trial of repetitive claims, among other considerations).

Examination of these two virtually identical actions readily confirms that there are extensive common questions of law and fact, that consolidation would promote the interests of judicial economy and convenience, and that consolidation would not appear likely to yield any substantial inconvenience, delay or expense for the Court or the litigants. For these reasons, and given plaintiffs' consent to consolidation and the lack of any reasonable likelihood of prejudice to the non-movant defendants, the Court exercises its discretion in favor of **consolidating** these actions, pursuant to Rule 42(a), Fed.R.Civ.P., **for all purposes**, including discovery and trial. The Motion to Consolidate is **granted**. To effectuate consolidation, the Clerk of the Court is hereby **directed** to extract documents 1 through 15 from Civil Action No. 09-0287-WS-N and to

make those documents a part of the court file in Civil Action No. 08-0387-WS-N.  In light of the consolidation, the parties to Civil Action No. 09-0287-WS-N are relieved of their obligation to comply with the Preliminary Scheduling Order (doc. 14), and will instead be bound by the terms of the Rule 16(b) Scheduling Order entered in Civil Action No. 08-0387-WS-N.[3]

The Court finds that there is no present reason to maintain Civil Action No. 09-0287-WS-N as an open file.  Therefore, the Clerk is **directed** to submit a JS-6 to the Administrative Office which indicates that this file is statistically closed and thus removed from the pending docket of this Court.  The Clerk shall thereafter maintain that file as a closed file.  To avoid any confusion, and given that 09-0287 will henceforth be a closed file that has been swallowed whole by 08-0387, the parties are **ordered** not to include the caption of 09-0287 in any future filings in this action and not to file any pleadings directly in 09-0287.  Rather, all future filings in these consolidated proceedings should be made exclusively in 08-0387.

DONE and ORDERED this 10th day of July, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[3]   Warner/Chappell having subjected plaintiffs and this Court to a circuitous "there and back again" journey as described in footnote 2, it is expected that consolidation will not delay or require modification of the discovery and other pretrial deadlines set forth in the applicable Rule 16(b) Scheduling Order (doc. 38 in 08-0387).  The proponents of the Motion to Consolidate will not lightly be permitted to derail the timetable that has been in effect in Civil Action 08-0387 since December 2008 simply because Warner/Chappell has now parachuted into that case for the second time as a result of its own filings; therefore, the parties are **ordered** to proceed with utmost diligence to meet the September 18, 2009 discovery cutoff and other applicable deadlines.